# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 13-3048

Charlotte Reliford, Appellant,

v.

Robert A. McDonald,
Secretary of Veterans Affairs, Appellee.

On Appeal from the Board of Veterans' Appeals

(Argued January 28, 2015[1])                    (Decided March 20, 2015)

*Andrew M. Carty*, of New York, New York, for the appellant.

*Mark D. Gore*, with whom *Tammy L. Kennedy*, Acting General Counsel; *Mary Ann Flynn*, Assistant General Counsel; and *Ronen Z. Morris*, Acting Deputy Assistant General Counsel, were on the brief, all of Washington, D.C., for the appellee.

Before KASOLD, *Chief Judge,* and LANCE and DAVIS, *Judges*.

KASOLD, *Chief Judge*, filed the opinion of the Court.  LANCE, *Judge*, filed a concurring opinion.

KASOLD, *Chief Judge*:  Mrs. Charlotte Reliford, surviving spouse of veteran Billy M. Reliford, appeals through counsel a September 18, 2013, decision of the Board of Veterans' Appeals (Board) that treated Mrs. Reliford as a substitute beneficiary under 38 U.S.C. § 5121A and denied benefits for Mr. Reliford's scoliosis, hypertension, and disabilities secondary to scoliosis or hypertension because they were not service connected.  Mrs. Reliford argues that the Board erred by processing her claim for accrued benefits under 38 U.S.C. § 5121 as a request for substitution in her deceased husband's claim under section 5121A.  The Secretary acknowledges that Mrs. Reliford filed a claim for accrued benefits and never filed a request for substitution, but the Secretary notes

---

[1]  Oral argument was held on January 28, 2015, at the E. Barrett Prettyman Courthouse.  The Court extends its appreciation to the U.S. District Court for the District of Columbia and the Court of Appeals for the District of Columbia Circuit for their hospitality.

that his action was consistent with his policy that an application for accrued benefits be treated as a request for substitution in the underlying claim, and he argues that such a policy is a reasonable implementation of section 5121A. A panel decision is warranted to address this issue of first impression. *See Frankel v. Derwinski*, 1 Vet.App. 23, 25-26 (1990); U.S. VET. APP. INTERNAL OPERATING PROCEDURE I(b)(2) and (4).

## I. FACTS

Veteran Billy M. Reliford served honorably in the U.S. Air Force from February 1971 to May 1974. He filed a claim for VA benefits in October 2001. A December 2002 compensation and pension examination report reflects the examiner's opinion that Mr. Reliford's hypertension began while he was serving in the Air Force, but a February 2003 addendum reflects that additional evidence had been brought to the examiner's attention and that the examiner changed her opinion. A March 2003 regional office (RO) decision denied Mr. Reliford's application for disability benefits. Mr. Reliford timely filed his Notice of Disagreement and, in support of his claim for benefits for scoliosis, he submitted a private doctor's note stating that Mr. Reliford's scoliosis was probably congenital and his in-service groin, hip, and knee pain "could very well be consistent with a curvature of the spine and its side effects." Record (R.) at 567.

A February 2007 Board decision denied Mr. Reliford's claim for benefits, and Mr. Reliford appealed that decision to the Court, seeking remand. In 2008, the Court granted a remand for further development of Mr. Reliford's claim for benefits. The Court found the private doctor's opinion indicating that Mr. Reliford's scoliosis could have been aggravated by basic training was sufficient evidence to require the Secretary to provide a medical examination on that issue and further found that the 2002 medical examiner failed to explain why she reversed her opinion. *Reliford v. Peake*, No. 07-1024, 2008 WL 5423814, at *4 (U.S. Vet. App. Dec. 31, 2008).

Mr. Reliford died on April 13, 2009, while his claim for benefits was on remand to the Board. The following month, Mrs. Reliford filed pro se a VA Form 21-534, "Application for Dependency and Indemnity Compensation, Death Pension and Accrued Benefits." R. at 60-67. Three years later, the Secretary notified Mrs. Reliford that he was "working on [her] claim for Substitution of Claimant." R. at 57-58. The notification informed Mrs. Reliford that she "may

submit additional evidence in support of the appeal or waive the opportunity to submit evidence." R. at 58.

The Board issued a decision on July 17, 2012, that, inter alia, certified the substitution of Mrs. Reliford for her deceased husband and remanded the matter for further development. In August 2012, the Secretary obtained a new medical opinion that it was not at least as likely as not that Mr. Reliford's scoliosis and hypertension either began during, or were otherwise caused, by service.

On September 18, 2013, the Board issued the decision now on appeal.

## II. THE PARTIES' CONTENTIONS

Mrs. Reliford asserts that she filed a claim for accrued benefits and never sought "substitution." *See* 38 U.S.C. §§ 5121(a), 5121A. Therefore, she asserts that the Secretary erred by processing her claim as a request for substitution and the Board subsequently erred by relying on evidence the Secretary obtained and added to her husband's file after his death. In support of this contention, she argues that section 5121A does not alter the requirement in section 5121(a) that the record is closed after the veteran dies for accrued-benefits claims filed pursuant to section 5121. She further notes that an accrued-benefits claim under section 5121 is a claim separate from a deceased claimant's underlying claim for disability benefits.

In the alternative, Mrs. Reliford contends that only a substituted *claimant*—and not the Secretary—may further develop the veteran's record after the veteran has died, either through direct submission of new evidence or by availing himself or herself of the Secretary's duty to assist. Finally, she asserts that the Board failed to provide an adequate statement of reasons and bases for its decision to exclude certain favorable evidence.

The Secretary agrees that an accrued-benefits beneficiary may seek benefits directly under section 5121 or through substitution in the underlying claim pursuant to section 5121A. He acknowledges that Mrs. Reliford submitted a claim for accrued benefits under section 5121, but notes that it was processed as a request for substitution in her deceased husband's claim pursuant to

3

VA policy, as reflected in VA Fast Letter 10-30. *See* VA Fast Letter 10-30 (Apr. 3, 2013)[2] [hereinafter Fast Letter]. The Secretary argues that the procedures used to process Mrs. Reliford's claim, as set forth in the Fast Letter, were consistent with the provisions of section 5121A and were established in a veteran-friendly manner. Specifically, he contends that treating claims for accrued benefits as requests for substitution fulfills the central purpose of section 5121A: namely, to ameliorate the injustices inherent in the historical accrued-benefits process. Secretary's Brief (Br.) at 10-11; *Examining the Backlog and the U.S. Department of Veterans Affairs' Claims Processing System*: *Hearing Before the H. Subcomm. on Disability Assistance and Mem'l Affairs of the H. Comm. on Veterans' Affairs*, 110th Cong. 70 (2008) (statement of MSG Kurt Priessman, U.S.A.F. (Ret.)) (detailing the inefficiencies and hardships caused by the accrued-benefits' claims process). The Secretary asserts that through substitution, accrued-benefits claimants are entitled to his assistance in developing their claims, including the duty to assist the claimant by providing a VA medical opinion. He further asserts that it was coincidental that the assistance provided in this case did not result in evidence that substantiated Mrs. Reliford's claim, and that to accept Mrs. Reliford's arguments would result in greater injustice for other similarly situated claimants.

The Secretary asserts that Mrs. Reliford was notified that her claim was being processed as a request for substitution in her deceased husband's claim and that she was advised that she could submit additional information. He acknowledges, however, that she was not advised that she could waive substitution and that her claim could be processed simply as an accrued-benefits claim and decided on the record as it existed at the time of her husband's death. He also acknowledges that she was not informed that the Secretary might further develop the claim even if she did not submit additional evidence.

Lastly, the Secretary argues that the Board provided an adequate statement of reasons or bases for its decision to deny the claims on their merits.

---

[2] VA Fast Letter 10-30 was first issued on August 10, 2010, and then amended April 3, 2013, a few months before the Board issued the decision now on appeal. The amended provisions are not relevant to this appeal and all references in the text to the Fast Letter are to the April 2013 version, unless otherwise stated.

## III. ANALYSIS

The question before the Court is whether a proper interpretation of the statutory provisions, 38 U.S.C. §§ 5121A and 5121(a), requires, or at a minimum allows, the Secretary to unilaterally process an accrued-benefits claim solely as a request for substitution.

### A. Substitution and Accrued Benefits

Accrued benefits are "periodic monetary benefits . . . to which an individual was entitled at death under existing ratings or decisions or . . . based on evidence in the file at date of death . . . and due and unpaid." 38 U.S.C. § 5121(a); *Jones v. West*, 136 F.3d 1296, 1299 (Fed. Cir. 1998); *see also Zevalkink v. Brown*, 102 F.3d 1236, 1241 (Fed. Cir. 1996) ("[A]n accrued-benefits claim is derivative of the veteran's claim for service connection, i.e., the claimant's entitlement is based on the veteran's entitlement."); 38 C.F.R. § 3.1000 (2014).

Pursuant to section 5121, a claim for accrued benefits is separate and distinct from the deceased claimant's underlying claim. *See Hyatt v. Shinseki*, 566 F.3d 1364, 1367 (Fed. Cir. 2009) ("[A]lthough an accrued-benefits claim brought by a surviving spouse under [section 5121] is 'derivative of the veteran's claim for service connection,' it is nevertheless a separate claim based on a separate statutory entitlement to benefits." (quoting *Zevalkink*, 102 F.3d at 1241)); *Jackson v. Shinseki*, 26 Vet.App 460, 464 (2014). As a new claim for VA benefits, an accrued-benefits claim is relegated to the beginning of the process, generally behind other pending claims, regardless of where the underlying claim had been in the appeals process. *See Breedlove v. Shinseki*, 24 Vet.App. 7, 20 (2010) (per curiam order) ("Congress enacted the substitution statute, section 5121A, to address the concern of delay, unfairness, and inefficiency."). Moreover, under section 5121, a determination of whether accrued benefits should be awarded "must be determined based on evidence that was either physically or constructively in the [deceased claimant's] file at the time of his death." *Ralston v. West*, 13 Vet.App. 108, 113 (1999); *see also Jackson*, 26 Vet.App. at 465.

The statutory provisions of section 5121A, on the other hand, provide those eligible for accrued benefits with the opportunity to procedurally be substituted for deceased claimants in pending claims, enabling the surviving accrued-benefits beneficiary to proceed in the place of the deceased claimant to the completion of the original claim. *See* 38 U.S.C. § 5121A(a)(1) (providing that, if a claimant dies while his claim is pending, an eligible person may "file a request to be

5

substituted as the claimant for the purposes of processing the claim to completion"); *see also Legislative Hearing on H.R. 1137, H.R. 3047, H.R. 3249, H.R. 3286, H.R. 3415, H.R. 3954, and H.R. 4084 Before the Subcomm. on Disability Assistance and Memorial Affairs of the H. Comm. on Veterans' Affairs*; 110th Cong. 31 (2007) (statement of Bradley G. Mayes, Director, Compensation and Pension Service, Veterans Benefits Administration, U.S. Department of Veterans Affairs) (discussing substitution, which would allow a survivor to "step into the shoes of a claimant who has passed away" and would entail VA processing the claim as if it were the claimant's). Moreover, "under section 5121A, a decision as to entitlement to accrued benefits is not restricted to consideration of the evidence contained in the claims file at the time of the deceased VA claimant's death." *Todd v. McDonald*, 27 Vet. App. 79, 89 n.5 (2014). Otherwise stated, an eligible person takes the place of the deceased claimant in order to process the original claim to completion, albeit for purposes of accrued benefits.

Thus, the two paths are closely linked, with only potential accrued-benefits beneficiaries under section 5121 eligible for substitution under section 5121A. *See* 38 U.S.C. § 5121A(a)(1) (noting that eligibility is determined under section 5121(a)); *Breedlove*, 24 Vet.App. at 14-15 ("[T]he statute permits an eligible accrued-benefits beneficiary to . . . continue the merits adjudication of a [deceased claimant's underlying] claim for disability compensation under chapter 11 even though the [deceased claimant] has died and no longer would be able to receive the VA benefits."). Nevertheless, it is important to note that while substitution under section 5121A continues the deceased claimant's underlying claim, it does not create a new and independent substantive *claim* for VA benefits. *See Breedlove*, 24 Vet.App. at 8 ("[B]ased on the enactment of section 5121A, a veteran's chapter 11 disability benefits claim survives the death of the [claimant], *not for the purpose of providing VA benefits to a [claimant]*, but for purposes of furthering the processing of the claim of an eligible accrued-benefits claimant." (emphasis added)). Rather, both section 5121 and section 5121A provide separate and distinct procedural *paths* for pursuing accrued benefits.

In sum, the key distinction between the sections is that claims for accrued benefits under section 5121 must be adjudicated "based on evidence in the file at date of death," while eligible accrued-benefits beneficiaries substituted in the deceased claimants' underlying claims are afforded

the ability to further develop the record, including via the Secretary's duty to assist. *Compare* 38 U.S.C. § 5121(a), *with* 38 U.S.C. § 5121A.[3]

### B. Substitution Procedures

As discussed above, the enactment of section 5121A provided eligible survivors a faster, fairer, and more efficient way to process their accrued-benefits claims through substitution. *See Breedlove*, 24 Vet.App. at 20 ("Congress enacted the substitution statute, section 5121A, to address the concern of delay, unfairness, and inefficiency."). And, as the Court specifically noted in *Breedlove*, a potential accrued-benefits claimant continues to have two options to further his or her claim: (1) "[R]equest substitution and . . . carry on the appeal of a deceased veteran through the judicial process," or (2) not request substitution, and "permit the Board decision on a deceased veteran's claim to be vacated, and to pursue the accrued-benefits claim anew." *Id*.

On August 10, 2010, the same day the Court issued its order in *Breedlove*, the Secretary issued guidance on the substitution of a party under section 5121A in Fast Letter 10-30 (Aug. 10, 2010), which, as previously noted, was amended without relevance to this appeal in April 2013, a few months before the Board decision now on appeal. *See supra* note 2.

The Fast Letter provides a liberal procedure for a potential accrued-benefits beneficiary to request substitution, including submitting "[any] communication indicating a desire to substitute for a deceased claimant." Fast Letter at 2. Specifically, the Fast Letter states that "receipt of a VA Form 21-534 will be accepted as both a claim for accrued benefits and a substitution request." *Id*. Moreover, the Fast Letter specifically permits an accrued-benefits claimant to "waive the opportunity to *substitute*/submit additional evidence in support of the claim," Fast Letter at 3 (emphasis added), and the Secretary acknowledged during oral argument that it was possible that a person filing a claim

---

[3] On February 15, 2011, the Secretary proposed a regulation pertaining to section 5121A. *See* 76 Fed. Reg. 8666. Commenting on the proposed regulation, the Court stated that "[t]he Secretary's proposed interpretation of [section 5121A] is that a substitute claimant–as opposed to an accrued-benefits claimant–'could submit evidence and generally would have the same rights regarding hearings, representation, and appeals as would have applied to the claimant had the claimant not died.'" *Copeland v. Shinseki*, 26 Vet.App. 86, 88 (2012) (quoting Substitution in Case of Death of Claimant, 76 Fed. Reg. 8666, 8669 (Feb. 15, 2011)). The Secretary later promulgated a regulation, *see* 38 C.F.R. § 3.1010 (2014), that permits a claimant to waive the right to have a claim for accrued benefits treated as a request for substitution. Because the Board decision on appeal pre-dates the regulation, however, we need not and do not further address that regulation.

for accrued benefits would prefer to proceed on the record that existed at the date of the claimant's death, and therefore may not wish to substitute for the deceased claimant.

## C. Application

Neither section 5121 nor section 5121A speak directly to the issue of whether the Secretary may treat a claim for accrued benefits as a request for substitution. The Court, however, need not rule on whether the Secretary may or may not unilaterally process a claim for accrued benefits solely as a request for substitution. This is because, in the instant case, the Secretary has failed to comply with his own established procedures. *See Morton v. Ruiz*, 415 U.S. 199, 235 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures.").

At the time the Board adjudicated Mrs. Reliford's claim, the established procedure specifically called for notice and waiver provisions. *See* Fast Letter at 2-3. Here, the May 2012 VA correspondence informed Mrs. Reliford of the Secretary's intent to process her claim for accrued benefits as a request for substitution and that she had the opportunity to submit further evidence. However, Mrs. Reliford was never notified of her right to "waive the opportunity to substitute." *Id.* at 3. Although the vast majority of accrued-benefits claimants would likely benefit from the Secretary's liberal application of section 5121A to claims for accrued benefits, it is also the accrued-benefits beneficiaries' procedural right under VA procedures to choose the path by which their claims are adjudicated.

The Court recognizes that the Secretary has attempted to provide a veteran-friendly procedure that would enable accrued-benefits beneficiaries to more readily substitute, and that a more restrictive procedure for requesting substitution may thwart Congress's objectives in enacting section 5121A. Nevertheless, although the Secretary notified Mrs. Reliford that she could waive the right to submit additional evidence, he did not notify her that she could waive substitution, in contravention of his policy. Thus, the Court holds that the Board erred by failing to follow the Secretary's own established procedures. *See Morton*, *supra*.

The Court is cognizant of its statutory duty to take due account of the rule of prejudicial error. *See* 38 U.S.C. § 7261(b)(2) (requiring the Court to "take due account of the rule of prejudicial error"); *Shinseki v. Sanders*, 556 U.S. 396, 406 (2009). Based on the particular facts of this case, we cannot hold that the error was harmless because the Board has not yet adjudicated Mrs. Reliford's accrued

8

benefits claim against the proper factual background. *See Gambill v. Shinseki*, 576 F.3d 1307, 1311 (Fed. Cir. 2009) (per curiam) ("Harmless error is fully applicable to veterans' claims cases, subject to the same principles that apply generally to harmless error analysis in other civil and administrative cases.") (citing *Sanders*, 556 U.S. at 406); *Wagner v. United States*, 365 F.3d 1358, 1365 (Fed. Cir. 2004) ("Where the effect of an error on the outcome of a proceeding is unquantifiable, however, we will not speculate as to what the outcome might have been had the error not occurred."); *Bryant v. Shinseki*, 23 Vet.App. 488, 498 (2010) (per curiam) ("[T]he assessment of prejudice generally is case specific, demonstrated by the appellant and based on the record."); *see also Hensley v. West*, 212 F.3d 1255, 1263 (Fed. Cir. 2000) ("[A]ppellate tribunals are not appropriate fora for initial fact finding.").

Accordingly, because the Board erred by failing to provide Mrs. Reliford with the opportunity to waive substitution and prejudiced her by failing to adjudicate her accrued-benefits claim against the proper factual background, the Board decision on appeal will be set aside and remanded for adjudication of Mrs. Reliford's claim based on the file as it existed at the time of her husband's death.[4] *See Tucker v. West*, 11 Vet.App. 369, 374 (1998) (holding that remand is the appropriate remedy where, inter alia, "the Board has incorrectly applied the law"); *see also Bernard v. Brown*, 4 Vet.App. 384, 394 (1993) (holding the Board must either obtain a waiver or determine whether a claimant will be prejudiced by the Board's adjudication of a question or issue in an appeal not otherwise decided by the RO, otherwise it must remand for the RO to decide the question in the first instance); *cf. Beverly v. Nicholson*, 19 Vet.App. 394, 405-06 (2005) (holding that the "existence of our jurisdiction turns on whether the claim was reasonably raised to the Board" and remanding for determination of whether the claim was reasonably raised, when there was an evidentiary factual basis therefor). These matters are to be provided expeditious treatment on remand. *See* 38 U.S.C. § 7112.

Based on the foregoing, the Court need not at this time address Mrs. Reliford's arguments that the Secretary may not unilaterally further develop the deceased claimant's claim after the claimant has died and an accrued-benefits beneficiary is substituted under section 5121A or that the

---

[4] We note that at the time of Mr. Reliford's death, the file included the Court's December 2008 single-judge memorandum decision. *Reliford v. Peake*, No. 07-1024, 2008 WL 5423814, at *4 (U.S. Vet. App. Dec. 31, 2008).

Board's statement of reasons and bases was inadequate. *See Dunn v. West*, 11 Vet.App. 462, 467 (1998) (remand of appellant's claim under one theory moots the remaining theories advanced on appeal).

## IV. CONCLUSION

Upon consideration of the foregoing, the September 18, 2013, Board decision is SET ASIDE and the matter is REMANDED to the Board for further proceedings consistent with this decision.

LANCE, *Judge*, concurring: I fully concur in the Court's holding that "section 5121 and section 5121A provide separate and distinct procedural *paths* for pursuing accrued benefits." *Ante* at 6. I write separately to highlight only that the Court's jurisdiction to remand this matter is predicated on the claim for benefits sought that was adjudicated—albeit incorrectly pursuant to section 5121A—in the decision on appeal: Mrs. Reliford's entitlement to *accrued benefits*. The majority's passing citation to *Beverly v. Nicholson*, 19 Vet.App. 394, 405-06 (2005), is both inapposite to the Court's holding in this case and confusing.

As the only claim adjudicated by the Board was that of Mrs. Reliford's entitlement to accrued benefits, *Beverly* is inapposite, as the issue of "'whether the claim was reasonably raised to the Board'" is not implicated here. *Ante* at 9 (quoting *Beverly,* 19 Vet.App. at 405). Moreover, since *Beverly* was issued, the en banc court ruled in *Jarrell v. Nicholson* that the Court could exercise jurisdiction over a *claim* only if it had been decided by the Board in a valid decision. 20 Vet.App. 326, 331 (2006) (en banc). Moreover, *Beverly* was premised on an interpretation of the U.S. Court of Appeals for the Federal Circuit's decision in *Andrews v. Nicholson*, 421 F.3d 1278, 1282 (Fed. Cir. 2005), which was later rejected in *Ingram v. Nicholson*, 21 Vet.App. 232, 255 (2007). Our jurisdiction is explicitly limited by congressional mandate to final Board decisions. *See* 38 U.S.C. § 7252(a); *see Jarrell*, 20 Vet.App. at 331 (both the Court and the Board lack jurisdiction over a claim not first presented to and adjudicated by the RO). Inasmuch as our jurisdiction requires a valid Board decision and a claim is not decided unless there is a "decision [that] discusses a claim in terms sufficient to put the claimant on notice that it was considered and rejected," *Ingram*, 21 Vet.App. at 255, *Beverly* cannot stand for the proposition that an appeal of a Board decision is a general

10

license for a claimant to scour his file and seek the Court's intervention as to every potential claim or appeal that might have occurred over the years. The majority's cursory suggestion otherwise in *dicta* is misplaced and confusing.[5]

To be clear, the Court's decision should not be read as holding that a separate "section 5121(a)" claim for accrued benefits remains pending and unadjudicated by the RO. If that were the case, the Court would lack jurisdiction to *remand* such a claim to the Board; the appropriate remedy would be vacatur and *dismissal* of the Board's decision on appeal. Instead, the Court correctly remands Mrs. Reliford's claim for accrued benefits to be processed in accordance with section 5121(a).

---

[5] Additionally, the Board, on remand in this case, should not be confused by the Court's parenthetical reference to a remand "for [a] determination of whether [a] claim was reasonably raised, when there was an evidentiary factual bases therefore." *Ante* at 9. The Court is remanding this matter "for adjudication of Mrs. Reliford's claim based on the file as it existed at the time of her husband's death." *Id.* at 9. The Court is not remanding—and indeed cannot remand—this matter for a determination of whether a *claim* was reasonably raised. *See Jarrell*, 20 Vet.App. at 331; *see also DiCarlo v. Nicholson*, 20 Vet.App. 52, 56 (2006) (holding that the proper procedure for a claimant to pursue "a claim believed to be unadjudicated (and for which there is no final decision that arguably failed to consider the claim) is to pursue a resolution of the original claim, e.g., seek issuance of a final RO decision with proper notification of appellate rights and initiate" a Notice of Disagreement).