http://www.va.gov/vetapp16/Files4/1630496.txt

Citation Nr: 1630496 
Decision Date: 07/29/16 Archive Date: 08/04/16

DOCKET NO. 12-00 906 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Milwaukee, Wisconsin

THE ISSUES

1. Whether the appellant may be recognized as a substitute claimant.

2. Entitlement to accrued benefits.

REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States

ATTORNEY FOR THE BOARD

Kate Sosna, Associate Counsel

INTRODUCTION

The Veteran had active duty service from October 1975 to March 1983. He died in January 2010 and the appellant is his surviving spouse.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a July 2010 rating decision issued by the Department of Veterans Affairs (VA) Pension Management Center in Milwaukee, Wisconsin, that denied entitlement to accrued benefits and service connection for the cause of the Veteran's death. Jurisdiction of the appellant's claim was subsequently transferred to the Regional Office (RO) in Nashville, Tennessee.

In her January 2012 substantive appeal, the appellant requested a Board video-conference hearing before a Veterans Law Judge. Later that month, in response to a letter from VA, she withdrew her hearing request and requested that her case be forwarded to the Board. 38 C.F.R. §§ 20.702(e), 20.704(e) (2015).

By way of background, the Board notes that, in a June 2009 rating decision, the Agency of Original Jurisdiction (AOJ) increased the Veteran's disability rating for major depressive disorder from 30 to 50 percent and denied his claim for entitlement to a total disability rating based on individual unemployability (TDIU). The Veteran had one year from the date of the June 23, 2009, notice letter advising him of the AOJ's determination to appeal that decision by filing a notice of disagreement (NOD). See 38 C.F.R. § 20.201. At the time of his death in January 2010, the Veteran had not filed an NOD.

Thereafter, in March 2010, the appellant filed a claim for Dependency and Indemnity Compensation, Death Pension, and Accrued Benefits (Form 21-534). The AOJ processed the appellant's claim as an accrued benefits claim and as a claim for service connection for the cause of the Veteran's death, and did not develop the case as a claim for substitution. Notably, it is within an appellant's purview to waive a substitution claim. See Reliford v. McDonald, 27 Vet.App. 297 (2015). Nevertheless, in September 2014, the Board construed the March 2010 Form 21-534 as a claim for substitution since substitution claims are generally construed as being more advantageous to appellants than accrued benefits claims. Accordingly, the Board remanded the substitution claim, the accrued benefits claim, and the claim for service connection for the cause of the Veteran's death to the AOJ for a determination as to whether substitution of the appellant for the Veteran was proper.

Thereafter, in November 2015, the Board found that, while the appellant met the criteria for substitution, there was no claim pending to be substituted into as neither the Veteran nor the appellant filed an NOD within one year of the June 23, 2009, notice letter. Similarly, the Board denied the accrued benefits claim as the failure to file a timely NOD with the June 2009 rating decision rendered that decision final. The Board remanded the claim for service connection for the cause of the Veteran's death and jurisdiction of that claim currently resides with the AOJ. Therefore, it is not before the Board at this time.

The appellant appealed the Board's November 2015 decision denying the substitution and accrued benefits claims to the United States Court of Appeals for Veterans Claims (Court), and in May 2016, pursuant to a Joint Motion for Remand (JMR), the Court vacated the Board's decision to the extent that it denied the substitution and accrued benefits claims, and remanded the case for further adjudication. The bases of the JMR are discussed in detail below.

This appeal was processed using the Veterans Benefits Management System (VBMS) and Virtual VA paperless claims processing systems. 

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.

REMAND

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and that there is a complete record upon which to decide the appellant's claims so that she is afforded every possible consideration. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2015).

As noted in the Introduction, in May 2016, the Court granted a JMR in which the parties found that VA failed to provide notice to the appellant that her request for substitution had been granted and that, until such notice was provided, the one year period to appeal the June 2009 rating decision had been tolled. Thus, the JMR concluded that remand was required for the Board to remand the claim so as to allow the AOJ to notify appellant that she may be substituted in the claims for an increased rating for major depressive disorder and entitlement to a TDIU. Thereafter, the appellant was to be provided five months to submit an NOD as to the June 2009 rating decision as the Veteran still had approximately 5 months to file an NOD with such rating decision at the time of his death in January 2010. In this regard, the appellant is to have the same amount of time to file an NOD with the June 2009 rating decision from the date of mailing of the notice of the grant of her request to substitute. 38 C.F.R. § 3.1010(f)(3).

Therefore, as the appellant was previously determined by the Board in November 2015 to meet the criteria for substitution, and such finding was adopted by the JMR, a remand is necessary in order for the AOJ to inform the appellant that she is eligible to substitute for the Veteran in his claims for an increased rating for major depressive disorder and entitlement to a TDIU as addressed in the June 2009 rating decision. See Chisem v. Gober, 10 Vet. App. 526, 527-28 (1997) (under the "law of the case" doctrine, the Board is bound by the findings contained in the Court's decision and is not free to do anything contrary to the Court's prior action with respect to the same claim). Thereafter, the appellant is to be provided five months in which to file an NOD with the June 2009 rating decision.

With regard to the appellant's accrued benefits claim, the JMR determined that the Board also improperly found that the claims for increased rating for major depressive disorder and TDIU were no longer pending for the purposes of accrued benefits. As such, the claim was remanded so as to allow the Board to adjudicate the accrued benefits claims on the merits. However, as noted in the September 2014 Board remand, the claim for accrued benefits is inextricably intertwined with the claim for substitution and, as such, the accrued benefits claim must also be remanded. See Tyrues v. Shinseki, 23 Vet. App. 166, 177 (2009) (en banc).

As a final matter, the Board notes that in July 2016 the appellant requested that her appeal be remanded to the AOJ for review of a lay statement she submitted regarding the poor health of the Veteran in the days leading up to his death. Thus, remand of both claims is also in order pursuant to 38 C.F.R. § 20.1304 (2015).

Accordingly, the case is REMANDED for the following actions:

1. Inform the appellant that she is eligible to substitute for the Veteran in his claims for an increased rating for major depressive disorder and entitlement to a TDIU as addressed in the June 2009 decision. Advise her that she has five months from the date of the notification letter to file an NOD with the June 2009 rating decision.

2. If a NOD is timely filed, issue a statement of the case so that the appellant may have the opportunity to complete an appeal on the substitution issues (if she so desires) by filing a timely substantive appeal. The issues of entitlement to an increased rating for major depressive disorder and entitlement to a TDIU should only be 
returned to the Board if a timely substantive appeal is filed. 

3. After completing the above, and any other development as may be indicated by any response received as a consequence of the actions taken in the preceding paragraphs, the appellant's accrued benefits claim should be readjudicated based on the entirety of the evidence, to include that submitted by the appellant in July 2016. If the claim remains denied, the appellant and her representative should be issued a supplemental statement of the case. An appropriate period of time should be allowed for response.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999). These claims must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).

_________________________________________________
A. JAEGER
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2015).