Citation Nr: 1730453 
Decision Date: 07/27/17 Archive Date: 08/09/17

DOCKET NO. 13-07 239 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Petersburg, Florida


THE ISSUE

Entitlement to a total disability rating based on individual unemployability due to service connected disability (TDIU) for substitution or accrued benefit purposes. 


REPRESENTATION

Appellant represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

A. Shawkey, Counsel 



INTRODUCTION

The Veteran served on active duty from November 1959 to February 1980. He died in March 2017. The appellant is his surviving spouse.

This matter comes before the Board of Veterans' Affairs (Board) on appeal from a January 2011 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) St. Petersburg, Florida. This matter was previously before the Board in May 2015 at which time the Board remanded the matter to the Agency of Original Jurisdiction (AOJ) for further due process development. 

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2016). 38 U.S.C.A. § 7107(a)(2) (West 2014).

The appeal is REMANDED to the AOJ. VA will notify the appellant if further action is required.


REMAND

When this matter was before the Board in May 2015, the Board pointed out that a TDIU is an element of an increased rating claim and thus noted that this issue arose out of the AOJ's January 2011 rating decision that denied an increased rating for atrial fibrillation. In addition, the Board pointed out that the Veteran had filed a claim for entitlement to a TDIU in March 2011. The Board further pointed out that in light of the Veteran's 100 percent ratings (for chronic kidney disease effective in February 2012 and seronegative reactive arthritis effective in April 2011) and award of SMC, the issue of entitlement to a TDIU was moot from April 2011. The AOJ had explained that a schedular 100 percent rating is a greater benefit than a TDIU award. However, the Board went on to note that the issue of entitlement to a TDIU prior to the effective date of the 100 percent rating, that is, prior to April 2011, was still pending and thus remanded the matter for adjudication of that issue.

Unfortunately, the Veteran died prior to the AOJ's adjudication of the TDIU issue and thus the matter was pending at the time of his death in March 2017. Shortly thereafter, in April 2017, the appellant filed a claim for DIC benefits on VA Form 21-534. 

In the absence of a specific request to substitute, VA is to treat qualifying death claims as requests to substitute. 38 C.F.R. § 3.1010 (c)(2)); Veterans Benefits Administration Fast Letter No. 10-30 (August 10, 2010) (revised April 3, 2013) (Fast Letter 10-30). Unlike accrued benefits claims, which are limited to the evidence of record at the time of the Veteran's death, a substitute claimant would be able to submit additional evidence that was not of record at the time of the claimant's death. However, an appellant has the option to waive substitution if he or she chooses. See Fast Letter 10-30.

Here, the issue of the appellant's eligibility as a substitute claimant has not been adjudicated by the AOJ, nor has the appellant been sent notice regarding substitution and her right to waive it. See Reliford v. McDonald, 27 Vet. App. 297 (2015) (holding that an accrued benefits claim was not adjudicated against the proper factual background because the appellant had not first been afforded the VA procedural right to choose the path by which her claim was adjudicated). Accordingly, this case must be remanded so that the AOJ can seek clarification from the appellant as to whether she wishes to pursue this claim currently as a substitute claimant or for accrued benefits purposes. See Breedlove v. Shinseki, 24 Vet. App. 7, 20 (2010) (an accrued-benefits claimant has two options: request substitution or pursue a claim for accrued benefits).

Once the appellant clarifies whether she wishes to proceed with the claim for accrued benefits purposes or for substitution purposes, the AOJ should take appropriate action to include notice of the substantive law and regulations and adjudication of the claim in a decision. If the appellant wishes to be a substitute claimant, the AOJ shall decide the question of substitution in a decision or decisional letter. The appellant must be notified of all decisions and appellate rights.

Accordingly, the case is REMANDED for the following action:

(Please note, this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). Expedited handling is requested.)

1. Contact the appellant and request clarification as to whether she is pursuing the claim on appeal as a substitute claimant or for accrued benefits purposes. 

2. Once the appellant clarifies which option she wishes to pursue regarding this claim, i.e., for accrued benefits purposes or for substitution purposes, take appropriate action with respect to VA's duty to notify and assist to include notice of the substantive law and regulations and conduct any appropriate development. 

3. If the appellant wishes to be a substitute claimant, the AOJ should formally determine whether she qualifies as a substitute claimant, and documentation of this determination must be associated with the electronic claims file. The appellant must be notified of this decision and of her appellate rights.

4. Then readjudicate the issue on appeal. If the benefit sought on appeal remains denied, the appellant and her representative should be provided a supplemental statement of the case which addresses all relevant actions taken on the appellant's claim for benefits, to include a summary of the evidence considered. An appropriate period of time should be allowed for response before the case is returned to the Board.

The appellant and her representative have the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
ANTHONY C. SCIRÉ, JR.
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).