Clarina R. CARANTO, Appellant,

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

No. 91–2069.

United States Court of Veterans Appeals.

April 14, 1993.

Clarina R. Caranto, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Andrew J. Mullen, Deputy Asst. Gen. Counsel, and Ralph G. Davis, were on the pleadings, for appellee.

Before KRAMER, MANKIN and IVERS, Associate Judges.

MANKIN, Associate Judge:

Appellant, the daughter of the veteran Mariano B. Renojo and his widow Jovita Cruz Renojo, appeals the October 28, 1991, decision of the Board of Veterans' Appeals (Board or BVA) which denied entitlement to an increased amount of accrued benefits. The Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance. The Court has jurisdiction over this case pursuant to 38 U.S.C.A. § 7252(a) (West 1991).

The veteran served in the United States Navy from December 1941 to April 1946. Following the veteran's death on March 24, 1988, his widow submitted a claim for Veterans' Administration (now Department of Veterans Affairs) (VA) death benefits in November 1988. Jovita Cruz Renojo died on October 8, 1989, before receiving any death benefit payments. At the time of death, $3,600 of approved death benefits had accrued and was payable to the widow for the year immediately preceding her death.

In February 1990, appellant filed a claim for reimbursement of expenses she incurred for her mother's care and burial from the amount of accrued death pension benefits. In June 1990, appellant was paid the sum of $692.34 or 16,000 pesos from the accrued benefits to reimburse her expenses for her mother's burial. In July 1990, appellant requested additional compensation of $6,480 or 104,685 pesos for expenses incurred during her mother's last illness. In response, the VA requested that appellant submit receipts supporting the amount of her claim and also stated that food and other miscellaneous expenses were not subject to reimbursement. Appellant renewed her request for reimbursement in October 1990. The VA informed appellant that death benefits remaining from the accrued amount of $3,600 could not be transferred, inherited, or willed.

Upon the death of a veteran's surviving spouse, periodic payments to which a payee was entitled at his or her death, and due and unpaid for a period not to exceed one year prior to the last date of entitlement, will be paid to the veteran's children. 38 U.S.C.A. § 5121(a)(3) (West 1991); 38 C.F.R. § 3.1000(a)(2) (1992). In all other cases, accrued benefits may only be paid to reimburse the person who bore the expense of last sickness or burial. 38 U.S.C.A. § 5121(a)(5) (West 1991); 38 C.F.R. § 3.1000(a)(4). In order to determine whether appellant is entitled to benefits under section 5121(a)(3), it is necessary to decide whether she is a child of the veteran within the meaning of the statute. The term "child" is defined in 38 C.F.R. § 3.57(a) (1992), which states in pertinent part:

[T]he term *child* of the veteran means an unmarried person who is a legitimate child, a child legally adopted before the age of 18 years, a stepchild who acquired that status before the age of 18 years and who is a member of the veteran's household or was a member of the veter-

an's household at the time of the veteran's death, or an illegitimate child; and
(i) Who is under the age of 18 years; or
(ii) Who, before reaching the age of 18 years, became permanently incapable of self-support; or
(iii) Who, after reaching the age of 18 years and until completion of education or training (but not after attaining the age of 23 years), is pursuing a course of instruction at an approved educational institution.

*See also* 38 U.S.C.A. § 101(4)(A) (West 1991); 38 C.F.R. § 3.1000(d)(2).

■ Appellant argues that accrued benefits in the amount of $3,600 became a part of her mother's estate, and that as survivor, she is entitled to inherit the full amount of the accrued benefit. The record contains evidence supporting appellant's contention that she is the daughter of the veteran and Jovita Cruz Renojo, and the BVA did not dispute this assertion in its decision. *See Clarina R. Caranto*, BVA 91–23834 (Oct. 28, 1991). However, the BVA decision does not address whether appellant is a *child* of the veteran and his surviving spouse according to the definition enunciated in 38 C.F.R. § 3.57. Although appellant stated in November 1989 that she was "of legal age," the evidence of record does not indicate whether appellant was over 18 years of age at the time of her mother's death. Once an individual presents a well-grounded claim, the BVA must either apply the statutes and regulations which are applicable or explain why they do not apply. In this case, the Court is provided with an inadequate record to review the decision of the Board on the issue of appellant's relationship to the veteran and his surviving spouse. *Quarles v. Derwinski*, 3 Vet.App. 129, 136 (1992). Consequently, remand is required for application of 38 C.F.R. § 3.57, along with a complete statement of reasons or bases for the new decision. *Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1990). If appellant is found to be ineligible for payment under section 5121(a)(3), she may be entitled to reimbursement for expenses she incurred during her mother's last illness. Section 5121(a)(5) provides that "accrued benefits may be paid as may be necessary to reimburse the person who bore the expense of last sickness and burial." Therefore, even if appellant is not a child of the veteran according to statute and VA regulation, she may, nevertheless, be entitled to accrued benefits under the provision of section 5121(a)(5).

■ Appellant argues in her informal brief that she is entitled to the sum of $6,480 or 104,685 pesos as reimbursement for her expenditures during her mother's last illness. Appellant has reported the payment of approximately 104,000 pesos for food and other miscellaneous expenses and 19,000 pesos for medical treatment. *Caranto*, BVA 91–23834 at 4. In its decision, the BVA stated that reimbursement from the accrued benefits for expenses incurred by appellant for food and other miscellaneous items for her mother's care is not permitted under 38 U.S.C.A. § 5121(a)(5). In addition, the BVA refused payment for medical expenses because appellant did not provide the VA with receipts substantiating payment. "Where a statute's language is plain, and its meaning clear, no room exists for construction." *Gardner v. Derwinski*, 1 Vet.App. 584, 587 (1991). Appellant received 16,000 pesos for her documented burial expenses for her mother's burial. With respect to the remaining expenses incurred by appellant, we hold that the plain language of section 5121(a)(5) excludes reimbursement from accrued benefits for non-medical expenses.

■ In order to obtain reimbursement under section 5121(a)(5), a claimant must satisfy the procedural requirements of Section 5121(c) which provides:

Applications for accrued benefits must be filed within one year after the date of death. If a claimant's application is incomplete at the time it is originally submitted, the Secretary shall notify the claimant of the evidence necessary to complete the application. If such evidence is not received within one year from the date of such notification, no accrued benefits may be paid.

On two occasions the VA informed appellant that reimbursement could not be awarded without supporting receipts. Appellant submitted a detailed list of expenses incurred by her for her mother's care during the period from April 1988 to October 1989; however, she failed to comply with the VA's request for receipts. In its decision, the BVA found that, absent documentary evidence, additional payment beyond the 16,000 pesos already awarded from the accrued benefits was not warranted. Section 5121(c) places the burden on the claimant to produce the evidence necessary for the VA to determine whether an award from accrued benefits may be properly made. While the statute does not specifically identify the kind of evidence required to establish entitlement, it clearly leaves this matter to the discretion of the Secretary for a case-by-case determination. The Court holds that it was not an arbitrary or capricious exercise of that discretion to require appellant to submit receipts to substantiate payment prior to granting an application for accrued benefits.

The Secretary's motion for summary affirmance is denied and the decision of the Board is VACATED and the matter is REMANDED for further development and issuance of a new decision consistent with this opinion. In the new decision the Board will address whether appellant qualifies for payment of accrued benefits under section 5121(a)(3). In reaching its conclusion, the Board shall apply 38 C.F.R. § 3.57 to determine whether appellant is a "[child] of the deceased veteran." 38 U.S.C.A. § 5121(a)(3). Insofar as the BVA decision denies reimbursement from the accrued benefit under section 5121(a)(5) due to appellant's failure to satisfy the conditions of section 5121(c), we hold that the BVA did not err for the reasons stated in this opinion.