http://www.va.gov/vetapp16/Files3/1621768.txt

Citation Nr: 1621768 
Decision Date: 05/31/16 Archive Date: 06/08/16

DOCKET NO. 12-32 663 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Medical and Regional Office Center in Wichita, Kansas

THE ISSUE

Entitlement to reimbursement of burial expenses, for accrued benefits purposes.

ATTORNEY FOR THE BOARD

Bridgid D. Houbeck, Counsel

INTRODUCTION

The Veteran served on active duty from September 1945 to August 1949. He died in January 2011. His spouse, O.M.M, filed a claim for accrued benefits and nonservice connected death pension in February 2011. She died shortly thereafter. The appellant is their daughter. She filed a claim for accrued benefits in March 2011.

This matter has come before the Board of Veterans' Appeals (Board) on appeal from a September 2011 administrative decision of the St. Paul, Minnesota, Department of Veterans Affairs (VA) Regional Office (RO) Pension Management Center.

In February 2015, the Board remanded this case for further development.

FINDINGS OF FACT

1. The Veteran died in January 2011 and his wife died in February 2011. The appellant is their daughter.

2. The appellant is neither a "child" for accrued benefits purposes, nor "the person who bore the expense of last sickness." 

CONCLUSION OF LAW

The criteria for reimbursement of burial expenses, for accrued benefits purposes, were not met. 38 U.S.C.A. §§ 2302, 2303, 5121 (West 2014); 38 C.F.R. §§ 3.1000, 3.1700-3 .1713 (2015).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The appellant has not raised any arguments regarding procedural aspects of this case to include whether VA has met its duties to notify or assist the appellant. This case does not involve extraordinary circumstances. The Board therefore will not address procedural matters. See Scott v. McDonald, 789 F.3d 1375, 1381 (Fed. Cir. 2015) ( stating "absent extraordinary circumstances . . . we think it is appropriate for the Board and the Veterans Court to address only those procedural arguments specifically raised by the veteran, though at the same time giving the veteran's pleadings a liberal construction").

Accrued benefits are periodic monetary benefits or monthly benefits (other than insurance and servicemen's indemnity) to which an individual was entitled at death under existing ratings or decisions and under laws administered by the VA Secretary, or those based on evidence in the file at date of death and due and unpaid will, upon the death of such individual, be paid to the surviving spouse or other appropriate party. 38 U.S.C.A. § 5121. In this case, the Veteran's wife, O.M., survived him by less than a month, but in that time she had filed claims for accrued benefits, death pension, and burial benefits. No decision was issued on these claims prior to her death. Thus, they are deemed pending claims.

In enacting section 38 U.S.C.A. § 5121, Congress limited eligibility for accrued benefits due and unpaid to the same few categories of dependent family members for whom a veteran could seek additional disability compensation while alive. See 38 U.S.C. §§ 1115, 1135; see also 38 U.S.C. §§ 101(4) (defining "child"), 102 (relating to "dependent parent"); 38 C.F.R. § 3.1000(d)(2) (defining "child"). As relevant here, where the claim relates to the death of a surviving spouse, the only persons entitled to accrued benefits due and unpaid under the statute are the Veteran's children. 38 U.S.C. § 5121(a)(3). If no eligible listed survivor is alive at the time of the Veteran's death, then accrued benefits due and unpaid may be paid to any person "who bore the expense of last sickness and burial," but "only so much of the accrued benefits [may be paid] ... as may be necessary to reimburse the person." 38 U.S.C. § 5121(a)(6); Youngman v. Shinseki, 699 F.3d 1301, 1303 (Fed. Cir. 2012) ("No other categories of payee at death are provided in the statute.").

The appellant is not a "child" for accrued benefits purposes. Under that definition, a "child" is a child of the Veteran who is unmarried and (1) under the age of 18; or (2) became permanently incapable of self-support before the age of 18; or (3) under the age of 23 and pursuing a course of instruction at an approved educational institution. See also 38 U.S.C. § 101(4)(A); 38 C.F.R. § 3.57(a); Caranto v. Brown, 4 Vet.App. 516, 518 (1993) (remanding the matter for the Board to determine whether veteran's daughter qualified as a "child" for accrued-benefits purposes). (Other provisions, not applicable here, pertain to adopted children and stepchildren, but all carry the same age requirements.) Thus, the statutory definition of "child" excludes anyone over age 23 unless they "became permanently incapable of self-support" before attaining age 18.

Here the record shows that the appellant is over the age of the age of 23 and there is no assertion or indication that she became permanently incapable of self-support before the age of 18. Thus, she does not meet the definition of child for accrued benefits purposes and she is not eligible for benefits in that capacity.

The appellant is also the named executor of the Veteran's widow's estate. See O.M.'s will. However, applicable law does not include fiduciaries, estates, or executors of estates among the persons eligible to receive accrued benefits. The U.S. Court of Appeals for Veterans Claims and the U.S. Court of Appeals for the Federal Circuit have repeatedly affirmed that accrued-benefits claims by persons other than those listed in section 5121(a) are not viable as a matter of law. See, e.g., Morris v. Shinseki, 26 Vet.App. 494, 499-500 (2014) (holding, in the context of accrued benefits, that the Veteran's brother and fiduciary was not an eligible claimant); Youngman, 699 F.3d at 1303-04 (denying accrued benefits to a deceased veteran's fiduciary for distribution to the veteran's heirs); Pelea v. Nicholson, 497 F.3d 1290, 1291-92 (Fed. Cir. 2007) (denying accrued benefits to deceased claimant's estate); Richard v. West, 161 F.3d 719, 721-23 (Fed. Cir. 1998) (denying accrued benefits to a deceased veteran's brother); Wilkes v. Principi, 16 Vet.App. 237, 242 (2002) (denying accrued benefits to a deceased veteran's nephew); Caranto, 4 Vet.App. at 518 (holding it was necessary to determine whether a veteran's daughter was a "child" for purposes of accrued benefits as she was otherwise ineligible to pursue an accrued benefits claim).

The law is well-settled. The appellant is not an eligible claimant as a "child", as an heir, or in her capacity as executor of her mother's estate. The estate is not eligible either, to the extent appellant's claim can be construed as on behalf of the estate.

The appellant is not claiming and the record does not show that she paid the Veteran's burial and funeral expenses. Instead, the Veteran's widow had an outstanding claim for reimbursement of these expenses at the time of her own death. See February 2011 Application for Burial Benefits. The appellant's claim for reimbursement of burial expenses is one for accrued benefits predicated on the Veteran's widow's pending claim. Thus, the appellant is not the "person who bore the expense of last sickness and burial." See 38 C.F.R. § 3.1000(a)(5).

The Board notes that the appellant has submitted receipts showing that she paid for her mother's final medical and burial expenses, but that is not relevant to the question of entitlement to burial benefits for the Veteran's final expenses.

In summary, the Board finds as a matter of law that the appellant is not entitled to accrued benefits as the Veteran's child, the executor of the widow's estate, a fiduciary, or an heir. The Board also finds as a matter of law that the estate itself is not an eligible claimant. Consequently, appellant's claim of entitlement to accrued benefits, to the extent it is based on any of those grounds, must be denied. Sabonis v. Brown, 6 Vet. App. 426, 430 (1994) (where the law and not the evidence is dispositive, the claim must be terminated or denied as without legal merit). The Board further concludes, based on findings of fact, that the appellant is neither a "child" for accrued benefits purposes, nor "the person who bore the expense of last sickness." Gilbert v. Derwinski, 1 Vet. App. 49, 53-56 (1990). Accordingly, the appellant's claim of entitlement to accrued benefits is denied.

 
ORDER

Reimbursement of burial expenses, for accrued benefits purposes, is denied.

____________________________________________
JAMES G. REINHART
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs