# UNITED STATES COURT OF APPEALS FOR VETERANS CLAIMS

No. 22-4670

JEANINE FRAZIER, APPELLANT,

V.

DENIS MCDONOUGH,
SECRETARY OF VETERANS AFFAIRS, APPELLEE.

On Appeal from the Board of Veterans' Appeals

(Argued February 8, 2024                    Decided May 23, 2024)

*Kenneth M. Carpenter*, of Topeka, Kansas, for the appellant.

*Mark M. McNabb*, with whom *Richard J. Hipolit*, Deputy General Counsel; *Mary Ann Flynn*, Chief Counsel; and *Mark J. Hamel*, Deputy Chief Counsel, all of Washington, D.C., were on the brief for the appellee.

Before BARTLEY, *Chief Judge*, and ALLEN and JAQUITH, *Judges*.

ALLEN, *Judge*: Appellant Jeanine Frazier is the adult daughter of deceased U.S. Navy veteran Clarence Frazier, who served the Nation honorably on active duty from June 1988 to April 1993.[1] In June 2021, after the veteran died, appellant was substituted under 38 U.S.C. § 5121A to continue the veteran's administrative appeals before VA. In this appeal, which is timely and over which the Court has jurisdiction, appellant contests an April 1, 2022, Board of Veteran's Appeals (Board) decision that dismissed the veteran's claims for entitlement to specially adapted housing (SAH) or a special home adaptation (SHA) grant, eligibility for automobile and adaptive equipment, or adaptive equipment only, and entitlement to special monthly compensation (SMC) based on housebound status.[2] The Board, citing 38 U.S.C. § 5121A and 38 C.F.R. §§ 3.1000,

---

[1] Record (R.) at 33.

[2] The Board granted entitlement to service connection for sleep apnea, benign prostatic hypertrophy, and venous insufficiency beginning February 27, 2018, and SMC based on the need for aid and attendance. These are favorable findings that the Court lacks jurisdiction to review. *See Medrano v. Nicholson,* 21 Vet.App. 165, 170 (2007), *aff'd in part, dismissed in part sub nom Medrano v. Shinseki*, 332 F. App'x 625 (Fed. Cir. 2009). The Board remanded the issue of entitlement to service connection for a heart condition, including hypertensive heart disease. R. at 21-23. We lack jurisdiction over this remanded matter. *See Breeden v. Principi*, 17 Vet.App. 475, 478 (2004) (per curiam order). The Board also denied entitlement to an initial disability rating higher than 10% for hypertension before February 27, 2018. Appellant presents no argument concerning this matter. So, we deem any appeal as to that matter abandoned. *See Pederson v. McDonald*, 27 Vet.App. 276, 281-86 (2015) (en banc).

3.1010, dismissed the appeals concerning claims for SAH or SHA and automobile adaptive benefits because "a claimant is eligible for substitution only for claims for periodic monetary benefits, and not for claims for personal benefits administered through the Veterans Health Administration."[3] The Board concluded it lacked jurisdiction over those claims as a result of the veteran's death. The Board also dismissed the appeal concerning SMC at the housebound rate, but on a different ground. The Board concluded that the Board's grant of SMC based on aid and attendance justified dismissal of the appeal concerning SMC at the housebound level.

Appellant principally challenges the Board's dismissal of the appeals concerning claims for SAH or SHA and automobile adaptive benefits, asserting that as a qualified accrued benefits recipient under 38 U.S.C. § 5121(a), she is permitted to be substituted to continue the appeal of the veteran's claim under 38 U.S.C. § 5121A for "any benefit," which includes any non-accrued (or non-periodic) benefits like SAH or SHA or for automobile adaptive equipment. And to the extent the regulation the Board cited, 38 C.F.R. § 3.1010(a), provides otherwise, appellant argues that it is invalid.

This matter was referred to a panel of the Court to address whether a qualified accrued benefits recipient can be substituted under 38 U.S.C. § 5121A for a deceased claimant's pending administrative appeal of a claim that involves a non-accrued benefit. We held oral argument in this matter on February 8, 2024.[4] As we detail below, under section 5121A (with our emphasis added), an eligible accrued benefits recipient may request substitution "[i]f a claimant dies while a claim for *any benefit* under a law administered by the Secretary, . . . is pending[.]" Congress provided no restriction on the type of benefit at issue, other than it is one the Secretary administers. Restricting substitution requests for an eligible accrued benefits recipient to only those cases involving a "claim for periodic monetary benefits," as the Secretary urges, inappropriately imposes a limitation Congress did not. Therefore, we hold that section 5121A unambiguously provides that an eligible accrued benefits recipient can be substituted in a claim for *any* benefit, including non-accrued benefits. But that is not without limitation. We also hold that an accrued benefits recipient under section 5121(a)(6) is limited to reimbursement for last expenses of sickness and burial and nothing more, even if substituted under section 5121A. And, to the extent the Secretary's implementing

---

[3] R. at 9.

[4] Oral Argument (OA), *Frazier v. McDonough*, U.S. Vet. App. No. 22-4670 (oral argument held Feb. 8, 2023), https://www.youtube.com/watch?v=0Fu7AWUA7nA.

regulation, § 3.1010(a), provides otherwise, it is unlawful and we invalidate it. Because the Board clearly erred when it dismissed the veteran's claims for SAH or SHA and automobile adaptive benefits, we will reverse that portion of the Board's decision. We will then remand those matters for the Board to adjudicate the merits of the veteran's claims for SAH, SHA, and automobile adaptive benefits, with appellant as the substituted claimant.

Turning to the Board's dismissal of the claim concerning entitlement to SMC at the housebound rate, the Secretary concedes that remand is appropriate. We agree. We will set aside that part of the Board's decision dismissing the appeal concerning the claim for SMC based on housebound status and we will remand the matter because the Board provided inadequate reasons or bases for its decision.

## I. BACKGROUND

### A. Procedural History

In June 2011, a VA regional office (RO) denied several of the veteran's claims, including claims for entitlement to SAH or SHA, automobile adaptive benefits, and SMC based on the need for aid and attendance or housebound status.[5] The veteran timely disagreed with that decision and ultimately appealed to the Board.[6] In January 2016, the Board remanded those claims because they were inextricably intertwined with other matters that required additional development.[7] In May 2020, VA issued a Supplemental Statement of the Case that denied, among other things, the veteran's claims for entitlement to SAH or SHA, automobile adaptive benefits, and SMC based on housebound status. These matters then returned to the Board.

The veteran died on August 27, 2020, while his claims were pending Board review.[8] In June 2021, appellant filed an application for accrued benefits as well as a request to be substituted into the veteran's pending appeal before the Board.[9] VA granted appellant's substitution request concluding that appellant was "an eligible claimant who bore the last sickness or burial expenses"[10]

---

[5] R. at 3780-93 (June 2011 rating decision).

[6] R. at 2779 (VA Form 9), 2795-2830 (Statement of the Case), 3712-30 (Notice of Disagreement).

[7] R. at 2701-10.

[8] R. at 310 (Death Certificate).

[9] R. at 299-304 (accrued benefits application), 306 (request for substitution).

[10] R. at 286.

3

based on reimbursement of the veteran's funeral expenses, totaling $597.[11] Specifically, VA informed appellant that "[y]ou have been substituted on the basis of reimbursement as the veteran's adult child."[12]

In April 2022, the Board issued the decision on appeal before the Court. Although the Board granted several of the veteran's pending service-connection claims, the Board dismissed the appeal of the claims for entitlement to SAH or SHA, and eligibility for automotive adaptive benefits. This appeal largely concerns the Board's decision to dismiss those claims. The Board explained that although VA granted appellant substitution in the appeal overall, substitution was not permitted for these matters because the claims involved non-periodic, personal benefits that do not survive the veteran's death.[13] The Board also dismissed a claim for SMC based on housebound status because the Board reasoned that its grant of SMC based on aid and attendance reflected the award of a "higher benefit" than SMC based on housebound status.[14]

Following the Board's April 1, 2022, decision on appeal, VA sent a check for payment to appellant in the amount of $597 for the purposes of reimbursement for final burial expenses. The check was returned as undeliverable, but as it turns out, VA sent the check for an incorrect amount because it failed to account for attorney fees.[15] So, VA notified appellant that the check was canceled, but informed appellant that if she responded to VA's letter, it would issue a new check for the correct amount.[16] Appellant has not yet responded.

In September 2023, the Court ordered supplemental briefing from the parties. The Court directed that the parties each submit a supplemental brief explaining the effect of VA's attempted payment on the current appeal, especially whether that action mooted the appeal.

### B. Parties' Arguments

#### 1. Appellant

Appellant argues that the Board erred when it dismissed the deceased veteran's appeals concerning SAH, SHA, and eligibility for automotive and adaptive equipment. She asserts that

---

[11] R. at 319.

[12] *Id.*

[13] R. at 9.

[14] R. at 21.

[15] Secretary's Supplemental (Supp.) Brief (Br.) Exhibit (Ex.) 1.

[16] *Id.*

because she qualifies as an accrued benefits recipient under section 5121(a), she can be substituted to pursue the veteran's claim under section 5121A for "any benefit under a law administered by the Secretary," including the non-periodic benefits at the core of this appeal.[17] Appellant contends that the Board misinterpreted section 5121A by looking strictly through the lens of section 5121(a) and limiting substitution for cases only involving periodic benefits. Further, appellant argues that VA's implementing regulation, 38 C.F.R. § 3.1000, is invalid to the extent it imposes a limitation on substitution inconsistent with section 5121A.[18] Appellant relies on *Breedlove v. Shinseki*[19] to support her position, explaining that a claim for accrued benefits is distinct from continuing via substitution the claim of a deceased claimant. In sum, appellant asserts that "[n]either §5121A nor § 3.1010 address or otherwise preclude the completion of an appeal based upon entitlement to a non-periodic monetary benefit."[20] Additionally, appellant argues that section 5121A supports a conclusion that because an eligible accrued benefits recipient is "completing a pending claim" for chapter 11 benefits (which includes claims for SAH, SHA, and automobile adaptive benefits), she is entitled to any benefits that VA awards on the veteran's claims.

With respect to the SMC claim on appeal, appellant argues that the Board clearly erred when it found that the grant of SMC based on aid and attendance mooted the claim for entitlement to SMC based on housebound status. In a footnote, appellant asserts that VA mischaracterized the veteran's claim for SMC. She maintains that it was not an SMC claim based on housebound status under section 1114(s)(2), but rather was an SMC claim under section 1114(s)(1), based on need arising from a combination of the veteran's service-connected disabilities.[21] Appellant explains that because the requirements for the various types of SMC are distinct from each other, the Board erred when it dismissed the veteran's appeal for entitlement to SMC of one type based on the grant of entitlement to SMC of another type. In her reply, appellant accepts the Secretary's concession of Board error with respect to the SMC issue, but contests the Secretary's proposed remedy of a reasons or bases remand. Appellant insists that reversal is necessary because the Board's error was a substantive error of law.

---

[17] Appellant's Br. at 5.

[18] *Id.* at 8.

[19] 24 Vet.App. 7, 20 (2010) (per curiam order).

[20] Appellant's Br. at 13.

[21] *Id.* at 14 n.1.

Finally, in response to the Court's September 2023 order, appellant asserts that VA's attempted payment of $597 (less appropriate attorney fees) does not moot the appeal because the Board decision is not about accrued benefits, it is about substitution.[22] Because she was substituted for the veteran, she maintains that it is appropriate for her to proceed with the appeal to pursue the veteran's claims to completion. Further, she asserts that there is no limit on the amount she can recover under section 5121A, unlike under section 5121(a). In other words, she insists that she is not limited to recovering the expenses she bore concerning the veteran's burial as she would be under section 5121(a)(6). She contends that "[t]he only purpose in allowing an eligible accrued-benefits [claimant] to continue to process a pending claim to completion is to determine VA's obligation to pay the [late] veteran the past due benefits of such … claim or claims."[23]

### 2. Secretary

The Secretary asserts that Congress adopted the limitations for accrued benefits under section 5121(a) in its substitution statute under section 5121A. He contends that to be eligible to receive accrued benefits under section 5121(a), the benefits in question must be periodic monetary benefits. Because the pending claims concerning SHA, SAH, and automobile adaptive equipment are not for periodic monetary benefits, no one, including appellant, is eligible to receive accrued benefits under section 5121(a) based on these claims. Further, the Secretary argues that because no one can be an eligible accrued benefits recipient with respect to claims for SHA, SAH, and automobile adaptive benefits, no one is eligible to continue the appeal of those matters under section 5121A.  The Secretary, quoting *Reliford v. McDonald*,[24] states that "'section 5121 and section 5121A provide separate and distinct procedural *paths* for pursuing accrued benefits.'"[25] The Secretary asserts that while VA granted appellant substitution generally, and meets the substitution requirements for other claims pending at the time of the veteran's death, she cannot be an eligible accrued benefits recipient for non-periodic benefits. Therefore, the Secretary continues, the Board was correct in concluding that appellant could not be substituted for the veteran as it relates to the claims seeking entitlement to SAH, SHA, or automobile adaptive benefits. Finally, the Secretary argues that if appellant is found to be entitled to continue the appeal of the claims for

---

[22] Appellant's Supp. Br. at 6; OA at 1:01:53-:02:00.

[23] Appellant's Supp. Br. at 10.

[24] 27 Vet.App. 297 (2015).

[25] Secretary's Br. at 11 (quoting *Reliford*, 27 Vet.App. at 302).

SHA, SAH, and automobile adaptive benefits, she is only eligible to be reimbursed for expenses she bore during the veteran's last sickness or burial; she is not eligible to receive anything more, whether such recovery is associated with accrued or non-accrued benefits due and unpaid to the veteran at the time of his death.[26]

Before asserting that this appeal in its entirety is moot, an argument we turn to next, the Secretary conceded that remand is warranted concerning the Board's decision denying SMC based on housebound status. The Secretary asserted that the Board was correct in stating that SMC based on aid and attendance is a "higher benefit" that affords a claimant a greater monthly monetary payment than SMC based on housebound status. But the Secretary conceded that the Board was wrong to dismiss the appeal concerning SMC based on housebound status because the provision in that subsection of the statute could potentially allow for a higher rate or intermediate rate if appellant's service-connected conditions exceeded the requirements for the SMC rate based on the need for aid and attendance.[27] Again assuming for the moment that the appeal is not moot, the Secretary's position is that remand of the claims concerning SMC based on housebound status would be warranted.

Turning to his response to the Court's September 2023 order, the Secretary argued that the appeal is moot, and the Court should dismiss it. He explained that VA "attempted" to reimburse appellant for the full amount of $597 (less attorney fees), the amount she bore for the veteran's burial. The Secretary explained that initially VA sent a check to appellant for $597, but it was never cashed, and was returned as undeliverable. VA realized that it should have deducted attorney fees from the $597. VA then sent appellant a letter requesting that she respond so that the Agency could reissue payment in the correct amount. Appellant has never responded. Because VA offered to pay appellant the maximum benefit to which the Secretary believes she is entitled, i.e., reimbursement (minus attorney fees) for the payment of the veteran's burial, the Secretary maintains that the Court is unable to provide any additional relief. So, he asks us to dismiss the appeal as moot. Because the appeal is mooted by VA's attempt to provide appellant what he believes is the full benefit she is entitled, the Secretary also rescinded his concession concerning the SMC issue on appeal.[28]

---

[26] *Id.* at 13-14.

[27] *Id.* at 15.

[28] Secretary's Supp. Br. at 3.

7

## II. ANALYSIS

The primary issue in this appeal concerns the principle that survivors of a deceased veteran may be eligible to receive certain VA benefits based on the claim that was pending at the time of the veteran's or other VA claimant's death.[29] We begin our analysis with an overview of the legal landscape concerning this principle. As we will explain, there are two kinds of benefits, or perhaps more accurately paths to benefits, at the core of this appeal, accrued benefits and benefits for claimants who have been allowed to substitute into claims for veterans who died after October 9, 2008.

Before October 10, 2008, if a veteran-claimant died without first establishing entitlement to VA benefits, the claim died too.[30] Thus, survivors were required to file their own claims seeking accrued benefits that were due to the veteran but unpaid at the time of the veteran's death.[31] "A claim for accrued benefits is separate and distinct from the deceased claimant's underlying claim."[32] Because an accrued benefits claim is a new claim, it is "relegated to the beginning of the process, generally behind other pending claims, regardless of where the underlaying claim had been in the appeals process."[33] An accrued benefits claim belongs to the accrued benefits claimant and must be based only on the evidence that was in the deceased veteran's file at the time of death.[34]

Section 5121 governs the distribution of accrued benefits. Accrued benefits are "periodic monetary benefits . . . to which an individual was entitled at death under existing ratings or decisions or . . . based on evidence in the file at date of death . . . and due and unpaid."[35] Accrued benefits are paid to surviving spouses, children, or dependent parents, but if a claimant is not a relative who comes within those categories, an individual can be deemed an accrued benefits recipient if they "bore the expense of [the veteran's] last sickness and burial." However, such claimants are limited to "only so much of the accrued benefits" necessary to reimburse the

---

[29] In addition to a deceased veteran, survivors of certain other VA claimants (e.g., a veteran's surviving spouse) may also receive benefits. For ease of reference, we will generally refer to deceased veterans.

[30] *Rusick v. Gibson*, 760 F.3d 1342 (Fed. Cir. 2014); *see also Crews v. McDonough*, 63 F.4th 37, 39 (Fed. Cir. 2023).

[31] *See Phillips v. Shinseki*, 581 F.3d 1358, 1363-64 (Fed. Cir. 2009) (citing *Zevalkink v. Brown*, 102 F.3d 1236, 1243 (Fed. Cir. 1996)).

[32] *Reliford*, 27 Vet.App. at 302 (citing *Hyatt v. Shinseki*, 566 F.3d 1364, 1367 (Fed. Cir. 2006)).

[33] *Id.* (citing *Breedlove*, 24 Vet.App. at 20).

[34] *Id.* (citing *Ralston v. West*, 13 Vet.App. 108, 113 (1999)).

[35] 38 U.S.C. § 5121(a); *see also Zevalkink,* 102 F.3d at 1241 ("[A]n accrued-benefits claim is derivative of the veteran's claim for service connection, i.e., the claimant's entitlement is based on the veteran's entitlement.").

individual for last sickness and burial expenses.[36] Caselaw from our Court as well as the Federal Circuit makes clear that the categories of eligible people who may receive accrued benefits are limited to the list set forth in section 5121(a).[37]

Section 5121(a) further specifies that accrued benefits are "periodic monetary benefits."[38] The Court has held that "periodic," as the term is used in section 5121(a), "means '[r]ecurring at fixed intervals; to be made or done, or to happen, at successive periods separated by determined intervals of time.'"[39] In *Gillis v. West*, the Court denied a veteran's surviving spouse's claim concerning automobile purchase assistance as an accrued benefit because "[e]ven assuming that the veteran could have been eligible for multiple grants over an unspecified period of time, the timing of any such benefits cannot be determined with any certainty, and hence, the benefits cannot be considered periodic."[40] The Court has also concluded that a one-time payment for SAH is not payable as an accrued benefit.[41]

In 2008, Congress enacted section 5121A, effective October 10, 2008, which permits an accrued benefits claimant to be *substituted* in the place of a deceased veteran to complete the veteran's pending claims. Section 5121A was enacted in "an effort to resolve the inefficiencies and delays from restarting the process."[42] Section 5121A provides that

> [i]f a claimant dies while a claim for any benefit under a law administered by the Secretary, or an appeal of a decision with respect to such a claim, is pending, a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a) of this title may . . . file a request to be substituted as the claimant for the purposes of processing the claim to completion.[43]

---

[36] 38 U.S.C. § 5121(a)(6).

[37] *See Youngman v. Shinseki*, 699 F.3d 1301, 1303 (Fed. Cir. 2012) (denying accrued benefits to deceased veteran's fiduciary, concluding that because the veteran "died without any heirs in the categories qualifying under § 5121, his unpaid benefits died with him"); *Richard v. West*, 161 F.3d 719, 721-23 (Fed. Cir. 1998) (denied payment to a nephew); *Morris v. Shinseki*, 26 Vet.App. 494, 499 (2014) (citing *Pelea v. Nicholson*, 497 F.3d 1290, 1291-92 (Fed. Cir. 2007) (denied payment to an estate)); *Caranto v. Brown*, 4 Vet.App. 516, 518 (1993) (Board remand to determine whether daughter qualified as a "child" for accrued benefits purposes)).

[38] 38 U.S.C. § 5121(a).

[39] *Gillis v. West*, 11 Vet.App. 441, 442 (1998) (quoting BLACK'S LAW DICTIONARY 1138 (6th ed. 1990)).

[40] *Id*. at 443.

[41] *Pappalardo v. Brown*, 6 Vet.App. 63, 64-65 (1993); *see also Suguitan v. McDonald*, 27 Vet.App. 114, 118 (2014) (concluding that a one-time payment from the Filipino Veterans Equity Compensation Fund is not payable as an accrued benefit).

[42] *Mayfield v. McDonough*, 36 Vet.App. 251, 255 (2023); *see also Crews*, 63 F.4th at 39.

[43] 38 U.S.C. § 5121A(a)(1).

In other words, an eligible accrued benefits claimant has the opportunity to "procedurally be substituted for deceased claimants in pending claims, enabling the surviving accrued-benefits beneficiary to proceed in the place of the deceased claimant to the completion of the original claim."[44] In short, the purpose of section 5121A is to permit an eligible accrued benefits claimant to step into the shoes of the veteran and assume the decedent's place in the adjudicatory queue.[45]

In *Breedlove*, the Court held that "a veteran's chapter 11 disability benefits claim survives the death of the veteran, not for the purpose of providing VA benefits to a veteran, but for purposes of furthering the processing of the claim of an eligible accrued-benefits claimant."[46] The Court held that it could consider substitution in all appeals pending before the Court and that substitution requires "a determination as to whether a particular movant is an eligible accrued-benefits claimant."[47]

In *Reliford*, the Court made clear that "[s]ection 5121 and section 5121A provide separate and distinct procedural paths for pursuing accrued benefits." [48] The Court explained that substitution under section 5121A continued the deceased claimant's underlying claim, and an accrued benefits claim is derivative of a deceased claimant's claim and must start anew.[49] "[T]he enactment of section 5121A provided eligible survivors a faster, fairer, and more efficient way to process their accrued benefits claims through substitution."[50] Typically, substitution may be the more favorable route for a survivor because accrued benefits determinations are based on the evidence in the claims file at the date of the veteran's death. In other words, a survivor seeking accrued benefits under section 5121(a) could not submit any additional evidence to persuade VA to grant the pending claim.

Here, it is undisputed that appellant is an eligible accrued benefits claimant under section 5121(a) because she bore the expenses of the veteran's "last sickness and burial," and obtained a

---

[44] *Reliford*, 27 Vet.App. at 302.

[45] *Nat'l Org. of Veterans Advocates, Inc. v. Sec'y of VA*, 809 F.3d 1359, 1361 (Fed. Cir. 2016).

[46] *Breedlove*, 24 Vet.App. at 9.

[47] *Id.* at 20.

[48] *Reliford*, 27 Vet.App. at 302.

[49] *Id.*

[50] *Id.* at 303.

10

formal determination before VA within 1 year of the veteran's death, as required by the statute.[51] However, appellant also sought entitlement to be recognized as a substitute claimant under section 5121A, which a VA RO granted.[52] At the time appellant sought substitution, the veteran had several claims pending before VA, including claims for service connection as well as the claims on appeal here today concerning entitlement to SAH, SHA, and automobile adaptive equipment (as well as SMC). In its June 2021 letter granting substitution, VA explained that

> [p]ersons eligible for substitution will include a living person who would be eligible to receive accrued benefits due to the claimant. An accrued benefit is any money we owe a veteran at the time of death . . . only so much of the accrued benefit may be paid as may be necessary to reimburse the person [(who is not a qualifying surviving spouse or child)] who bore the expense of the last sickness or burial based upon receipts presented. [53]

VA specified that appellant was eligible only because she bore the expenses of the veteran's last sickness or burial and that the amount of funds she is eligible to receive from the veteran's pending claims is limited to that expenditure.[54]

As mentioned above, appellant argues that she is not seeking accrued benefits; she is seeking to be substituted in the veteran's place to process the pending claims for SAH, SHA, and automobile adaptive benefits to completion.[55] She challenges the Board's decision that she is not eligible to be substituted in the place of the veteran for these three claims because denying substitution for those claims is contrary to the plain language of section 5121A. Appellant explains that section 5121A allows substitution in cases for "any benefit" and sets no limitation on whether that benefit is periodic. During oral argument, appellant reiterated that the benefits she is seeking are not accrued benefits but are benefits derivative of the deceased veteran's claims specifically under section 5121A.[56]

There are several moving parts to the issue this appeal presents concerning substitution. But we note that we can remove one potential question because appellant does not challenge

---

[51] R. at 285-86.

[52] R. at 285-87.

[53] R. at 285.

[54] R. at 286.

[55] For the sake of completeness, appellant also argues that she is an appropriate substitute for the veteran in pursuing the veteran's SMC claim. We deal with that issue separately from the question of substitution for the non-accrued benefit claims.

[56] OA at 50:45-51:28.

11

precedent that establishes that claims for entitlement to SAH, SHA, or automobile adaptive benefits are not payable as "accrued benefits" under section 5121(a).[57] So, we can at least proceed on that common ground. In terms of a roadmap for what follows, we start by addressing whether this appeal (including both the non-accrued benefit claims as well as the claim concerning SMC) is moot.[58] For the reasons that we explain below, we conclude that the matter is not moot because, were we to agree with appellant's arguments in full, the Court could provide her meaningful relief. We then move on to decide whether substitution is permitted for claims for non-accrued benefits that are pending at the time of a VA claimant's death, such as the ones for SAH, SHA, and automobile adaptive benefits we have before us. We conclude based on the plain language of the section 5121A that an eligible accrued benefits recipient may substitute into claims for non-accrued benefits pending at the time of a veteran-claimant's death. We also consider whether an eligible accrued benefits recipient under section 5121(a)(6) who is permitted to be substituted under section 5121A is limited in what they may receive on such a claim by expenses they paid for the deceased claimant's last sickness and burial. We conclude that such a substituted party is so limited. And finally, we address the Board's dismissal of the claim for entitlement to SMC based on housebound status. We will remand that claim because the Board's statement of reasons or bases is inadequate.

### A. Mootness

The Secretary argues, once in a footnote in his brief but more substantively in his supplemental brief, that the appeal is moot.[59] The Secretary explains that on April 26, 2022, VA granted appellant's request for payment for reimbursement of $597, the veteran's last expenses of sickness and burial, and mailed appellant a check.[60] In February 2023, VA notified appellant that she was not authorized for any additional payment of accrued benefits because she had been awarded the full amount of the expenses she bore.[61] However, the check the Agency mailed to appellant was returned to VA as undeliverable. Moreover, upon its return VA recognized that it

---

[57] *See* Appellant's Br. at 13-14.

[58] As we explained above, the Secretary raised the mootness argument principally in his supplemental brief. But even if he had not done so, we would have been required to address the issue because we have an independent obligation to assess our jurisdiction. *See Demery v. Wilkie*, 30 Vet.App. 430, 434 (2019).

[59] Secretary's Br. at 14 n.1; Secretary's Supp. Br. at 3-6.

[60] Secretary's Supp. Br. at 2, Ex. at 1 (Declaration of Robert Perkins).

[61] *Id.*

made a mistake in sending a check in the full amount of $597 because it had not withheld attorney fees from that amount, so it canceled the check.[62] In October 2023, VA notified appellant that it had canceled the original check, but a new check would be issued, or payment would be directly deposited into appellant's bank account, once appellant responded to VA's letter.[63] As of the date of oral argument, appellant had not yet responded to the October 2023 letter from VA.[64]

Considering these facts, the Secretary argues that because VA has attempted to pay appellant all the benefits to which she is entitled, the Court should dismiss the appeal as moot. Appellant counters that the appeal is not moot because had the Board adjudicated the dismissed claims, she may be entitled to what she refers to as "full benefits," benefits that go beyond the $597 for reimbursement of last expenses.[65]

First, and assuming for the moment that the $597 (less attorney fees) is the only amount at issue, the Secretary does not cite any authority for the proposition that an offer or other attempt to pay a claimant the amount in dispute moots an appeal when the payment has not actually been made. And the Court has been unable to find authority to support that an offer of payment that has not been acted on is enough to moot a case. Indeed, the sparse authority addressing this question points in the other direction.[66]

However, even if we assume that an offer of payment could be enough to moot a case, we would still conclude that the case is not moot. Concluding that the appeal is moot here based on the attempted payment of $597 would require us to decide the substantive legal question appellant presents in a manner adverse to her. In other words, to hold that the attempted payment of $597 (less attorney fees) moots the case would require us to hold that appellant is limited to only receiving reimbursement for $597minus attorney fees. Appellant argues, however, that she is not limited to that amount under section 5121A. As we know from *Kernz*, an appeal is moot when "a

---

[62] *Id.*

[63] *Id*.

[64] OA at 50:45-51:28. Neither party has notified the Court that there has been any change in the circumstances of payment, so we proceed on the basis that matters stand as they did at the time of oral argument.

[65] Appellant's Supp. Br. at 5-6.

[66] *See Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 162 (2016) (adopting Justice Kagan's dissent in *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 81 (2013) that an unaccepted settlement offer does not moot a case); *see also Hoekman v. Educ. Minn*., 41 F.4th 969, 977 (8th Cir. 2022) ("[A]n uncashed check is not materially different from an unaccepted offer of settlement.").

claimant obtains all the relief he or she could receive from the Court."[67] But here, the issue is what "all the relief" means for appellant—something that makes this case different from the lion's share of appeals in which we confront the mootness question. Appellant may not be entitled to receive more than $597 less attorney fees (in fact, that is what we hold), but we can't make that determination without rejecting her position on the merits. Thus, the Court concludes that the appeal is not moot.

## B. Substitution Under Section 5121A

### 1. The plain language of section 5121A permits substitution of an accrued benefits claimant in matters concerning "any benefit," and that includes a non-accrued benefit.

It is well settled that when interpreting a statute, "[w]e look to the plain meaning of the statute, and when we find the plain meaning, our job is simply to apply it."[68] Here, Congress provided that "[i]f a claimant dies while a claim for *any benefit* under a law administered by the Secretary . . . is pending, a living person who would be eligible to receive accrued benefits due to the claimant under section 5121(a)" may file a request for substitution.[69]

Beginning with the first part of section 5121A, Congress specified *what claims* were subject to substitution. In that regard, Congress stated that substitution would be allowed concerning a claim for "any benefit under a law administered by the Secretary" pending at the time of a claimant's death. The word "any" is typically used in a broad manner, although the term must be considered in context.[70] In the context of section 5121A, "any benefit" plainly is used to indicate breadth of coverage, something like "any or all." Congress did not restrict the type of benefit for which substitution is allowed in any way other than it be a benefit the Secretary of the Department of Veterans Affairs administers. Congress could have easily written a restriction on the type of benefits that could be pursued by a substituted claimant, but it did not do so. And importantly, we don't have to merely surmise that Congress could have done so. In section 5121(a), Congress described the benefits at issue under that statute as "periodic monetary benefits (other than

---

[67] *Kernz v. McDonough*, 36 Vet.App. 372, 388 (2023) (en banc order).

[68] *Frantzis v. McDonough*, 35 Vet.App. 354, 360-61 (2022); *see Kisor v. Wilkie*, 139 S. Ct. 2400, 2415 (2019); *Artis v. District of Columbia*, 583 U.S. 71, 83 (2018); *Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984); *Frederick v. Shinseki*, 684 F.3d 1263, 1269 (Fed. Cir. 2012).

[69] 38 U.S.C. § 5121A (emphasis added).

[70] *See Terry v. McDonough*, 37 Vet.App. 1, 10-11 (2023).

insurance and servicemen's indemnity) under laws administered by the Secretary."[71] It would be remarkable if Congress meant the same thing it said in section 5121(a) when it used the term "any benefit" in section 5121A. In short, the plain language Congress used in section 5121A definitely answers *what claims* are subject to substitution.

The Secretary argues that section 5121A adopts the restriction on benefits set forth in section 5121(a), i.e., only periodic monetary benefits, because Congress limited substitution eligibility under section 5121A to those categories of people listed as eligible accrued benefits recipients in section 5121(a). In other words, the Secretary posits that if the benefits being pursued are not the type of benefits that an accrued benefits recipient could receive, then those benefits are also not the type that a substituted claimant could receive. The Secretary's logic is flawed because he conflates two distinct parts of section 5121A: specification of *what* type of claim is eligible for substitution versus *who* is eligible to substitute.

As we explained above, section 5121A unambiguously describes *what* type of benefit a substituted claimant can pursue: "*any benefit* under a law administered by the Secretary." But that question is separate from *who* may substitute into a claim of a deceased veteran. In that regard, section 5121A specifies *who* can substitute by incorporating the specified list of people Congress had used in section 5121(a).[72] But using the list from section 5121(a) to identify *who* can be substituted doesn't alter the choice Congress made about *what* benefits are subject to substitution. As to that matter, Congress could not have been clearer: substitution is appropriate for claims concerning "*any benefit* under a law administered by the Secretary." Reading section 5121A as the Secretary insists adds a restriction beyond what Congress provided. Moreover, the Secretary's reading of section 5121A ignores precedent explaining the distinction between section 5121(a) and 5121A—one provides guidance for a claim for accrued benefits, that is a claim that is started anew, and the other, respectively, is a substitute claimant's continuance of the deceased claimant's underlying claim. The factual background of an accrued benefits claim is different from that of a substitution claim, so it is not necessarily true that a benefit denied under section 5121(a) would be denied under section 5121A.

---

[71] 38 U.S.C. § 5121(a).

[72] Reply Br. at 3 ("[Appellant] does not dispute that § 5121(a) sets several limits on whether one is eligible to receive accrued benefits due to a deceased claimant to include whether the benefit is a periodic monetary benefit.").

In sum, section 5121A unambiguously describes what claims are subject to substitution as well as identifies who may take advantage of such substitution. Because Congress has spoken clearly about these matters, our job is merely to apply the statute. And here there is no question that (1) the claims for SAH, SHA, and automobile adaptive benefits are benefits the Secretary administers, and (2) appellant is an accrued benefits claimant under section 5121(a)(6). This all shows the Board erred when it dismissed the appeals at issue concerning SAH, SHA, and automobile adaptive benefits.

This conclusion is not necessarily fully favorable to appellant, however. There is a limitation in the amount an accrued benefits recipient under section 5121(a)(6) may recover: amounts expended for the last sickness and burial of the veteran. Appellant maintains that this limitation does not apply in the context of a substitution claim under section 5121A. After a brief detour, we turn to that question next.

But first our detour. VA purported to implement section 5121A in the following regulation:

[i]f a claimant dies on or after October 10, 2008, a person eligible for accrued benefits under § 3.1000(a) . . . may, in priority order, request to substitute for the deceased claimant in a claim for periodic monetary benefits (other than insurance and servicemembers' indemnity) under laws administered by the Secretary, . . . that was pending before the agency of original jurisdiction or the [Board] when the claimant died.[73]

VA used the phrase "a claim for periodic monetary benefits" in place of the broad "any benefit" language Congress used in the governing statute, section 5121A. VA's action is unlawful. As we explained, section 5121A uses the phrase "any benefit" and does not restrict the type of benefit that can be continued to completion by a qualifying substitute claimant through substitution. There is no ambiguity for VA to address nor is there any gap to fill. Therefore, we invalidate the parts of § 3.1010(a) that are inconsistent with section 5121A.[74]

*2. There is a limitation in the amount of benefits that can be paid to a substituted claimant under section 5121A who is recognized as an accrued benefits claimant under section 5121(a)(6).*

As explained above, Congress clearly restricted those who are eligible to seek substitution under section 5121A to those persons who are eligible accrued benefits recipients under section 5121(a). Appellant is an eligible accrued benefits claimant under § 5121(a)(6). Section 5121(a)(6)

---

[73] 38 C.F.R. § 3.1010(a) (2023).

[74] *See Spicer v. McDonough*, 61 F.4th 1360, 1366 (Fed. Cir. 2023) (striking down a VA regulation as unlawful when it was inconsistent with a statute Congress had enacted); *Terry*, 37 Vet.App. at 14 (same).

allows payment of accrued benefits but "only so much of the accrued benefits may be paid as may be necessary to reimburse the person who bore the expense of last sickness and burial."[75] The language plainly places a cap on the amount that an accrued benefits recipient could receive if they are only eligible on the basis of the one who "bore the expense of last sickness and burial."[76] The question is whether the limitation set forth in § 5121(a)(6) applies when a person in that category is pursuing a substitution claim under section 5121A.

Appellant agrees that if she were only proceeding as an accrued benefits recipient under section 5121(a)(6) then "she would have been limited to only so much of the accrued benefits paid as may be necessary to reimburse the person who bore the expense of last sickness and burial."[77] But appellant argues that as a substituted claimant, she is entitled to continue the veteran's claims to completion and is not limited to accrued benefits in the amount of reimbursed expenses for the payment of last sickness and burial. She insists that the language Congress used in section 5121A does not incorporate the limitation portion of section 5121(a)(6). The Court is not persuaded by appellant's argument.

We begin by noting that appellant's argument is underdeveloped, amounting to little more than a bare conclusion. This would be enough to reject it.[78] But the argument is flawed even if we consider it on the merits.

Essentially, appellant ask us to ignore the reason why Congress included subsection (a)(6) in the list of categories of persons eligible to receive a benefit under section 5121. Recall that Congress specified *who* can substitute into a pending claim by incorporating the list of beneficiaries it had included in section 5121(a). Subsections (a)(1) through (a)(5) all refer to a veteran's family members—spouses, children, and parents.[79] Congress did not impose limits on the nature of these beneficiaries' recoveries.[80] But subsection (a)(6) is materially different. Inclusion in this category does not turn on a familial relationship to the deceased veteran. Rather, the category is defined by its purpose—to reimburse any person who bore the expense of the

---

[75] 38 U.S.C. § 5121(a)(6).

[76] *Id*.

[77] Appellant's Supp. Br. at 12.

[78] *See Locklear v. Nicholson*, 20 Vet.App. 410, 416 (2006) (holding that the Court will not entertain underdeveloped arguments).

[79] 38 U.S.C. § 5121(a)(1)-(5).

[80] *Id*.

veteran's last sickness and burial.[81] As the Court has commented, "Congress's clear intent was to make whole the one who—one way or another—was saddled with the financial burden of a beneficiary's last sickness and burial."[82]

If appellant were correct, the very reason for the existence of the (a)(6) category would cease to be. Imagine this scenario. A person who qualifies for accrued benefits under section 5121(a)(6) pays $500 for a veteran's funeral expenses. We know Congress was concerned that such a person be made whole for that expense. But we also know that Congress did not leave recovery open-ended as it did for the categories of persons in subsection (a)(1)-(5). But if appellant's view prevailed, that same person—and recall he or she need not even be related to a veteran—could recover an unlimited amount under section 5121A. Such a pay-for-profit substitution scheme would be an absurd result, something we assume Congress did not intend.[83] So, we read section 5121A to require that a person who is allowed to substitute on the grounds that they bore the expense of a veteran's last sickness and burial is limited by the amount of such expense when allowed to substitute into a deceased veteran's claim.

## C. Special Monthly Compensation

SMC is available when a veteran's service-connected disability or disabilities cause "additional hardships above and beyond those contemplated by VA's schedule of rating disabilities."[84] There are many types of SMC. Pertinent here, SMC under section 1114(*l*) is available where a veteran is "permanently bedridden or with such significant disabilities as to be in need of regular aid and attendance."[85] And SMC under section 1114(s) is available where a veteran either has a service-connected disability rated as total, and "(1) has additional service-connected disability or disabilities independently ratable at 60 percent or more, or, (2) by reason of such veteran's service-connected disability or disabilities, is permanently housebound."[86]

---

[81] 38 U.S.C. § 5121(a)(6).

[82] *Helmick v. McDonough*, 34 Vet.App. 141, 149 (2021). We note that a part of VA's implementing regulation concerning substitution reflects this same principle. *See* C.F.R. § 3.1010(g)(3). Appellant does not acknowledge this regulation in her briefing, only compounding the underdeveloped nature of her argument on this point.

[83] *See Timex V.I., Inc. v. United States*, 157 F.3d 879, 886 (Fed. Cir. 1998) ("[A] statutory construction that causes absurd results is to be avoided if at all possible.").

[84] *Breniser v. Shinseki*, 25 Vet.App. 64 68 (2011); *see* 38 U.S.C. § 1114(k)-(s).

[85] 38 U.S.C. § 1114(1).

[86] 38 U.S.C. § 1114(s).

In its decision the Board granted entitlement to SMC based on the need for aid and attendance under section 1114(*l*). Based on this grant of SMC related to the need for aid and attendance, the Board dismissed the claim for entitlement to "SMC based on housebound status."[87] Specifically, the Board stated that because "the grant of [SMC] on the basis of aid and attendance represents a higher benefit than [SMC] at the housebound level the issue of entitlement to [SMC] at the housebound rate is dismissed."[88] The Board does not specifically cite to the statute for any type of SMC other than section 1114(*l*), SMC based on the need for aid and attendance.

The Secretary concedes, and appellant accepts the Secretary's concession, that the Board erred when it dismissed SMC based on housebound status.[89] Although the parties agree that the Board erred, they disagree about what remedy is warranted. The Secretary concedes that the Board's analysis is incomplete and asserts that remand is required for the Board to decide the merits of the SMC claim that was on appeal in the first instance. The Secretary explains that without a decision on the remaining SMC claim, the Board was unable to determine whether the veteran would have been entitled to payment of SMC at a higher rate under section 1114(p).[90]

Appellant argues that the Court should reverse the Board's finding that the veteran's SMC claim based on housebound status should be dismissed. Appellant also argues that the Board mischaracterized the SMC claim as one based on section 1114(s)(2), and not one based on section 1114(s)(1). Because the Board dismissed the SMC claim based on "housebound status" generally, we do not know whether it considered entitlement to an SMC claim based on section 1114(s) subpart (1) or (2). We agree with both parties that the Board erred when it dismissed the veteran's remaining SMC claim simply because SMC based on aid an attendance provided a "higher benefit." And so, to that extent we can say the Board committed clear legal error. But we agree with the Secretary that remand and not broader reversal is the appropriate remedy.

---

[87] R. at 21. We address below appellant's argument that the Board inappropriately described the dismissed SMC claim as one based on housebound status when it actually concerned the SMC described in section 1114(s)(1).

[88] *Id.*

[89] *See* Secretary's Br. at 14-15; Reply Br. at 6-9. We recognize that in the Secretary's supplemental brief he rescinds his concession about the SMC issue, but that was only if we were to conclude that the appeal was moot, which we did not. *See* Secretary's Supp. Br. at 3.

[90] Secretary's Br. at 15.

Reversal is warranted when the only permissible view of the evidence contradicts the Board's decision,[91] and the Board "has performed the necessary fact-finding and explicitly weighed the evidence."[92] Moreover, as factfinder, the Board has the responsibility to assess and weigh the evidence.[93] For all its findings on a material issue of fact and law, the Board must support its factual determinations and legal conclusions with a written statement of reasons or bases that is "adequate to enable a claimant to understand the precise basis for the Board's decision, as well as to facilitate review in this Court."[94] If the Board fails to do so, remand is appropriate.[95]

Here, we do not have enough information from the Board to understand whether it assessed the correct remaining SMC claim on appeal when it dismissed the claim for SMC based on housebound status generally. The Board also, based on the Secretary's concessions, may have overlooked a favorable provision of the law in its entirety, i.e. section 1114(p). And finally, the Board's decision to dismiss the SMC claim based on housebound status is too conclusory. Accordingly, remand is the proper remedy.[96]

### III. CONCLUSION

In sum, 38 U.S.C. § 5121A allows an accrued benefits recipient to be substituted in claims involving *any benefit*, including non-accrued benefits. And 38 C.F.R. § 3.1010(a) is invalid to the extent it is inconsistent with the plain and ordinary meaning of 38 U.S.C. § 5121A. Because the Board relied on the invalid regulation and clearly erred when it dismissed the claims for entitlement to SAH, SHA, and automobile adaptive benefits, we REVERSE the Board's finding that appellant cannot be substituted to continue the appeal of the claims for entitlement seeking SAH, SHA, and automobile adaptive benefits to completion; SET ASIDE that portion of the Board's decision dismissing those claims; and REMAND these matters for the Board to adjudicate the merits of those claims with appellant as the substituted claimant. Additionally, we SET ASIDE that portion

---

[91] *Gutierrez v. Principi*, 19 Vet.App. 1, 10 (2004).

[92] *Deloach v. Shinseki*, 704 F.3d 1370, 1380-81 (Fed. Cir. 2013).

[93] *See D'Aries v. Peake*, 22 Vet.App. 97, 107 (2008) (per curiam).

[94] *Allday v. Brown*, 7 Vet.App. 517, 527 (1995).

[95] *Tucker v. West*, 11 Vet.App. 369, 374 (1998).

[96] *Id.*

20

of the Board's decision dismissing the claim for entitlement to SMC based on housebound status and REMAND that matter for further proceedings consistent with this decision.